**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FREDERICK BANKS,

        Plaintiff,

vs.                                    No.  CV 17-00736 WJ/KRS

ADRIAN ROE, ESQUIRE, JUDGE MARK J. HORNAK,
ROBERT CESSAR, AUSA, SOO SONG US ATTORNEY,
UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA, S.A. LANGFORD,
S.A. ROBERT WERNER, S.A. IN CHARGE SCOTT SMITH,
MIKE POMPEO, FEDERAL BUREAU OF INVESTIGATION,
CENTRAL INTELLIGENCE AGENCY, SIS LT. PEREZ,
SIS TECH LLOYD,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISISSAL

**THIS MATTER** is before the Court *sua sponte* under 28 U.S.C. § 1915A(b) and Fed. R.

Civ. P. 12(b)(2) and (6) on the Complaint and for a Writ of Mandamus filed by Plaintiff

Frederick Banks on July 12, 2017 (Doc. 1) ("Original Complaint") and the Complaint for a Writ

of Quo Warranto, Prohibition and Mandamus filed by Banks on July 14, 2017 (Doc. 2)

("Amended Complaint").  The Court will dismiss this case on the grounds that the Court lacks

jurisdiction over the Defendants and claims, and the Original Complaint and Amended

Complaint are frivolous, malicious, fail to state a claim for relief, and seek monetary relief from

Defendants that are immune from such relief.

Plaintiff Frederick Banks is a prisoner incarcerated at the Northeast Ohio Correctional

Facility in Youngstown, Ohio.   (Doc. 1 at 1). Banks appears to have multiple criminal

convictions.  *See, e.g., United States v. Banks,* 582 Fed. App'x 86 (3rd Cir. 2014); *United States

v. Vampire Nation,* 451 F.3d 189 (3rd Cir. 2006). The allegations of the Original Complaint and

Amended Complaint are largely unintelligible, but appear to assert a federal civil rights claim for damages and a state-law claim for defamation against the Federal Bureau of Investigation and several of its Special Agents, the Central Intelligence Agency, several United States Attorneys and Assistant United States Attorneys, a private defense attorney, a United States District Judge and the United States District Court for the Western District of Pennsylvania. Banks seeks damages in an amount not less than $55 million. (Doc. 1 at 1). The Amended Complaint adds two correctional officers at FMC Butner in North Carolina as Defendants. (Doc. 2 at 1). The Amended Complaint claims $855 million, as well as requesting removal of Defendants from public office and discharge of Plaintiff from custody. (Doc. 2 at 1). Both the Original Complaint and Amended Complaint indicate they are "[r]elated to USA v. Banks, 15CR168 (WDPA)." (Doc. 1 at 1; Doc. 2 at 1). Neither the Original Complaint nor the Amended Complaint allege any conduct by any identified individual occurring in or connected to New Mexico.

**I. Plaintiff's Applications to Proceed Without Prepayment of Fees or Costs are Denied Under 28 U.S.C. § 1915(g):**

Plaintiff Banks did not pay the filing fee for this civil action. However, on the back of the Original Complaint and the Amended Complaint, in small print, Banks has requested leave to proceed without prepaying fees or costs under 28 U.S.C. § 1915. (Doc. 1 at 2; Doc. 2 at 2). The Court's research indicates that Banks has filed in excess of 205 cases in federal court, at least one-third of which have been dismissed under the "three strikes" provision of 28 U.S.C. § 1915(g). *See Frederick Banks v. Honorable Richard W. Roberts,* 2016 WL 3963000 (E.D. Wis. 2016); *Frederick Banks v. Mark Hornak, et al.,* 2017 WL 2788587 (4th Cir. 2017). *See, also, Banks v. VIO Software,* 2007 WL 2261691 (D. Colo. 2007); *Banks v. New York Police Dept.,* 2015 WL 1789559 (W.D. Okla. 2015); *Banks v. Jackson,* 2015 WL 2406067 (D. Utah 2015).

Banks may not proceed *in forma pauperis* in this or any other federal court unless he is imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Neither of Bank's applications to proceed allege that he is imminent danger of serious physical injury and his applications will be denied.

**II. Plaintiff's Original and Amended Complaints will be Dismissed Under 28 U.S.C. § 1915A and Fed. R. Civ. P. 12(b):**

Plaintiff Banks is proceeding pro se. The Court has the discretion to dismiss a pro se complaint *sua sponte* under 28 U.S.C. § 1915A(b) if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Court determines that Bank's Complaint and Amended Complaint must be dismissed for each and every one of the § 1915A(b) reasons.

The Prison Litigation Reform Act (PLRA), Section 1915A provides:

(a) Screening.—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b). The PLRA clearly authorizes dismissal of civil lawsuits against governmental entities, officers, or employees upon screening regardless of the prisoner litigant's fee status. *Plunk v. Cravens,* 234 F.3d 1128, 1129 (10th Cir. 2000).

The Court may also dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly,* 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

**A. The Court Lacks Personal Jurisdiction over All Defendants.**

The Due Process Clause permits the exercise of personal jurisdiction over a nonresident

defendant "so long as there exist minimum contacts between the defendant and the forum State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980). The "minimum contacts" standard may be met, consistent with due process, "if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985). A district court's exercise of personal jurisdiction over defendant must also be reasonable in light of the circumstances surrounding the case. *See id.* at 477–78.

Section 1915A contains no express authorization for a dismissal for lack of personal jurisdiction. *See* 28 U.S.C. § 1915A. However, the Tenth Circuit Court of Appeals has previously held that a district court may, in certain circumstances, properly dismiss an action based on an affirmative defense where the defense clearly appears on the fact of the complaint. *See Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.2006); *Fratus v. Deland,* 49 F.3d 673, 674–75 (10th Cir.1995). The lack of jurisdiction is clearly apparent on the face of the Original Complaint and the Amended Complaint.

The Amended Complaint asserts that "[t]his Court has jurisdiction because the statements were read by people in this district and caused harm to plaintiff." (Doc. 2 at 1). Banks does not identify who made any statements, what statements were made, who read the statements, or in which district the statements were purportedly read. As previously noted, the Original Complaint and Amended Complaint do not allege that any Defendant resides in New Mexico, that any conduct by any Defendant occurred in New Mexico, or that Banks' allegations are even connected to New Mexico. The Original and Amended Complaints do not establish any, much less minimum, contacts with the State of New Mexico. *Burger King Corp. v. Rudzewicz,* 471 U.S. at 472. It is clear from the face of the Original and Amended Complaints that the Court

lacks personal jurisdiction over all of the Defendants and claims, and the Court will dismiss the claims against Defendants under Fed. R. Civ. P. 12(b)(2).

**B.  Plaintiff's Request for Mandamus Fails to State a Claim for Relief.**

In both the Original Complaint and the Amended Complaint, Banks seeks a Writ of Mandamus under 28 U.S.C. § 1361. Section 1361 states:

> "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

Mandamus is an "extraordinary remedy" that will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben,* 488 U.S. 105, 121, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988) (quotation omitted). To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate available remedy. *Wilder v. Prokop,* 846 F.2d 613, 620 (10th Cir.1988).

The Original Complaint and the Amended Complaint wholly fail to state a claim for issuance of a writ of mandamus. The Original and Amended Complaints do not specify any clear right of the plaintiff to mandamus relief, do not identify a plainly defined and preemptory duty on the part of any defendant, and do not address the adequacy or availability of any other remedy.  *Wilder v. Prokop,* 846 F.2d at 620.  The Original Complaint and Amended Complaint are legally and factually insufficient under Fed. R. Civ. P. 12(b)(6) to state a plausible claim for mandamus relief and will also be dismissed on that grounds. *Twombly,* 550 U.S. at 570.

**C.  Plaintiff Does Not State Any Claim for Relief Against the FBI, the CIA, or the United States District Court for the Western District of Pennsylvania Under *Bivens.***

Most of the named Defendants are federal agencies and employees of those agencies. Banks seeks to recover damages as well as injunctive and declaratory relief against those

agencies. (Doc. 1 at 1, Doc. 2 at 1). *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) creates the only civil rights cause of action against federal officials and is similar to the cause of action 42 U.S.C. § 1983 creates against state officials. To state a claim for relief under *Bivens* or § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Banks names the FBI, the CIA, and the United States District Court for the Western District of Pennsylvania as Defendants. The FBI, the CIA, and the Western Pennsylvania District court are federal agencies and entitites. The United States of America thus constitutes the real party in interest. *See Ghandi v. Police Dep't,* 747 F.2d 338, 342–43 (6th Cir.1984) (citations omitted) (recognizing United States as real party in interest in case against federal agencies like FBI). Because sovereign immunity generally shields the United States and its agencies from suit, in order to proceed on a *Bivens* claim, a plaintiff must "point to a specific waiver of immunity in order to establish jurisdiction." *See Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.,* 554 F.3d 1290, 1295 (10th Cir.2009). Banks does not point to any waiver and sovereign immunity bars his claims against the FBI, the CIA, or the District Court. *Cortez v. E.E.O. C.,* 585 F.Supp.2d 1273, 1283–84 (D.N.M.2007). Banks' Original and Amended Complaints do not state a *Bivens* claim against the FBI, the CIA, or the United States District Court for the Western District of Pennsylvania.

**D. The Claims Against Judge Hornak are Barred by Judicial Immunity.**

Banks also alleges claims against Mark R. Hornak, acting in his judicial capacity in *USA v. Banks,* 15CR 168. (Doc. 1 at 1; Doc. 2 at 1). Claims against Individuals acting as judges are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990); *Hunnicutt v. Sewell,* 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in civil actions asserting federal as well as state-law claims, such as the case at bar. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986); *Collins on Behalf of Collins v. Tabet,* 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35. Banks seeks to recover damages against Judge Hornak for acts that were unquestionably made in the exercise of judicial discretion and any claims against Judge Hornak are barred by absolute judicial immunity.

**E. The Claims Against Prosecutors are Barred by Immunity.**

Banks also seeks relief against Soo Song, U.S. Attorney and Robert Cessar, ASUA. (Doc. 1 at 1; Doc. 2 at 1). Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006); *Johnson v. Lally,*

118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896); *Collins,* 111 N.M. at 396, 806 P.2d at 45. Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Banks alleges conduct by Defendants Song and Cessar that is clearly associated with the judicial phase of the criminal process. Banks' Original Complaint and Amended Complaint fail to state any claim for relief against Defendants Song and Cessar.

**E. Banks' Criminal Defense Counsel Does Not Act Under Color of State Law.**

Banks also names Adrian Roe, Esquire, as a Defendant. Banks alleges that Roe acted as Plaintiff's counsel in his criminal proceedings, gave him only "one option which was to plead guilty and asserted that Plaintiff was 'delusional' because he declined to accept a time served plea deal" in violation of his Fifth Amendment rights." (Doc. 1 at 1, Doc. 2 at 1). Banks does not expressly plead a claim under 42 U.S.C. § 1983 or *Bivens*. However, 42 U.S.C. § 1983 and *Bivens* are the exclusive vehicles for vindication of substantive rights under the Constitution. See, *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 states:

> "Every person who, ***under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,*** *s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that criminal defenders, whether public defenders, CJA counsel, or private retained counsel, cannot be sued under § 1983

because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A criminal defense attorney does not act under color of state or federal law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. Because Banks' claims are based on allegations regarding the functions of counsel in his criminal case, the complaint against Roe must be dismissed. *Polk,* 454 U.S. at 325.

**F. Any Post-Conviction Claims are Barred by *Heck v. Humphry* and 28 U.S.C. § 2255.**

It is difficult to tell whether Banks is asserting claims as a pretrial detainee or, instead, is seeking post-conviction relief. To the extent he is seeking post-conviction damages, his claims are also barred by *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck,* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997). The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions and against state officials under 42 U.S.C. § 1983. *Doe v. District of Columbia,* 697 F.2d 1115, 1123 (D.C. Cir. 1983). *Heck* rests on the need for finality of criminal convictions and on the analogy between actions under § 1983 and the common law of malicious prosecution, which barred the suit unless the criminal prosecution ended in the plaintiff's favor.

*Heck,* 512 U.S. at 484-87.

There is no basis for distinguishing the statutory cause of action against state officers under § 1983 and the judicially-devised *Bivens* cause of action against federal officials. *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir.1996) (per curiam); *Abella v. Rubino,* 63 F.3d 1063, 1065 (11th Cir.1995) (per curiam); *Tavarez v. Reno,* 54 F.3d 109 (2d Cir.1995) (per curiam); *Stephenson v. Reno,* 28 F.3d 26 (5th Cir.1994) (per curiam). The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015). To the extent Banks seeks release from custody or damages based on an existing conviction or sentence, his claims for relief would necessarily invalidate his conviction and sentence, and are barred under *Heck.*

Further, to the extent Banks seeks to challenge any federal conviction or sentence "[r]elated to USA v. Banks, 15CR168 (WDPA)", Banks may only challenge his conviction and sentence by a motion in 15CR168 (WDPA) under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a) and (e); *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996) ("The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255"). Banks has not alleged that § 2255 is inadequate or ineffective and § 2255 would be his only remedy for challenging a federal conviction or sentence.

**G. Plaintiff's Original and Amended Complaints are Frivolous and Malicious, and Further Amendment Would be Futile:**

The Court declines to grant Banks leave to amend his Original Complaint or Amended Complaint. Neither the Original Complaint nor the Amended Complaint contain any allegations

that would even imply he has a claim or cause of action related to New Mexico. To the contrary, both the Original and Amended Complaints indicate they are related to one of his federal criminal cases in Pennsylvania. (Doc. 1 at 1; Doc. 2 at 1). Absent even the slightest suggestion of a claim arising out of or connected to conduct in New Mexico, any amendment by Banks would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. Further, Banks has previously brought the same claims against many of the same Defendants in other federal courts and those claims have been dismissed as frivolous, malicious, and failing to state a claim. *See, e.g., Banks v. Langford,* ___ Fed. App'x ___, 2017 WL 2713423 (4th Cir. 2017). *See, also, Banks v. Hornak,* ___ Fed. App'x ___, 2017 WL 2788587 (4th Cir. 2017).

Banks is a prisoner within the meaning of 28 U.S.C. § 1915A and has not paid the filing fee. His Original Complaint and Amended Complaint are plainly abusive of the judicial process and are properly typed frivolous and malicious within the context of the PLRA. *See Duhart v. Carlson,* 469 F.2d 471, 477-78 (10th Cir. 1972); *Olson v. Coleman,* 997 F.2d 726, 728-29 (10th Cir. 1993). The Court finds the claims asserted by Banks are frivolous and malicious under 28 U.S.C. § 1915A. As the Supreme Court has indicated, the PLRA was designed to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). The Act grants judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.* at 327. The Original Complaint and Amended Complaint will be dismissed with prejudice, and without leave to amend, as frivolous and malicious under 28 U.S.C. § 1915A.

**III. The Court Will Impose Filing Restrictions.**

Although Banks has only filed one lawsuit in this District, his claims are baseless and he has a lengthy and abusive litigation history in other courts, including several courts in this Circuit.[1]  This Court will impose filing restrictions on Banks. Banks is prohibited from initiating further civil litigation, including habeas corpus proceedings, in this Court and the Clerk is directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Banks first obtains permission to proceed *pro se* from the Court.

To obtain permission to proceed *pro se,* Banks must submit a petition to the Clerk of the Court seeking leave to file a *pro se* initial pleading, attaching a copy of the proposed complaint to the petition and a notarized affidavit certifying that, to the best of Banks' knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. The Clerk will be directed to forward the petition to the Chief Magistrate Judge for determination of

---

[1] *See Banks v. Jackson,* 2015 WL 2406067 (D. Utah, 2015); *Banks v. New York Police Dept.,* 2015 WL 1789559 (W.D. Okla. 2015); *Banks v. Fitzgerald,* 2014 WL 6698411 (W.D. Okla. 2014); *Banks v. Warden, FTC, Oklahoma,* 467 Fed. App'x 777 (Tenth Cir. 2012); *Banks v. Warden of Federal Transfer Center,* 2012 WL 728321 (W.D. Okla. 2012); *Banks v. Warden of Federal Transfer Center,* 2012 WL 728370 (W.D. Okla. 2012); *Banks v. Warden, FTC, Oklahoma,* 2011 WL 2728921 (W.D. Okla. 2011); *Banks v. Warden of Federal Transfer Center,* 2011 WL 2600438 (W.D. Okla. 2011); *Banks v. Warden, FTC, Oklahoma,* 2011 WL 2748669 (W.D. Okla. 2011); *Banks v. Warden, FTC, Oklahoma,* 2011 WL 2728924 (W.D. Okla. 2011); *Banks v. Warden of Federal Transfer Center,* 2011 WL 2600547 (W.D. Okla. 2011); *Banks v. Warden, FTC,* 2011 WL 308243(W.D. Okla. 2011); *Banks v. Warden, FTC,* 2010 WL 5662915 (W.D. Okla. 2010); *Banks v. VIO Software,* 275 Fed. App'x 800 (10th Cir. 2008); *Banks v. U.S. Marshal,* 274 Fed. App'x 631 (10th Cir. 2008); *Banks v. VIO Software,* 2007 WL 2261691 (D. Colo. 2007).  Banks also uses several aliases, including "Hamilton Brown" and "Vampire Nation." *See Brown v. Lutty,* 2015 WL 59983 (W.D. Pa. 2015).  The Court has not attempted to include any additional cases Banks may have filed in this Circuit using an alias.

whether to permit filing of the *pro se* original proceeding. Without the Chief Magistrate Judge's approval and the concurrence of a District Judge, the Clerk will be directed to return the petition without filing. If the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk to file the petition.

**IT IS ORDERED:**

**(1)** the Applications to Proceed Without Prepayment of Fees and Costs (Doc. 1 at 2; Doc. 2 at 2) are **DENIED** under the "three strikes" provision of 28 U.S.C. § 1915(g);

**(2)** the Complaint and for a Writ of Mandamus filed by Plaintiff Frederick Banks on July 12, 2017 (Doc. 1) and the Complaint for a Writ of Quo Warranto, Prohibition and Mandamus filed by Banks on July 14, 2017 (Doc. 2) are **DISMISSED** with prejudice and Judgment will be entered; and

**(3) FILING RESTRICTIONS** are imposed on Banks. Banks is prohibited from initiating any civil proceeding in this Court and the Clerk is directed to return without filing any initial pleading the he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Banks first obtains permission to proceed *pro se* from the Court. To obtain permission to proceed *pro se,* Banks must submit a petition to the Clerk of the Court seeking leave to file a *pro se* initial pleading, attaching a copy of the proposed complaint to the petition and a notarized affidavit certifying that, to the best of Plaintiff's knowledge, his claims are not frivolous or made in bad faith, they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation. The Clerk will be directed to forward the petition to the Chief Magistrate Judge for determination of whether to permit filing of the *pro se* original proceeding. Without the Chief Magistrate Judge's

approval and the concurrence of a District Judge, the Clerk will be directed to return the petition without filing. If the Chief Magistrate Judge and a District Judge approve the filing, an order will be entered directing the Clerk to file the petition.

_____
UNITED STATES DISTRICT JUDGE