**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FREDERICK BANKS,

       Plaintiff,

vs.                                        No. CV 17-00736 WJ/KRS

ADRIAN ROE, ESQUIRE, JUDGE MARK J. HORNAK,
ROBERT CESSAR, AUSA, SOO SONG US ATTORNEY,
UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA, S.A. LANGFORD,
S.A. ROBERT WERNER, S.A. IN CHARGE SCOTT SMITH,
MIKE POMPEO, FEDERAL BUREAU OF INVESTIGATION,
CENTRAL INTELLIGENCE AGENCY, SIS LT. PEREZ,
SIS TECH LLOYD,

       Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on the Motion for Reconsideration filed by Plaintiff Frederick Banks on January 26, 2018 (Doc. 7). The Court will deny Banks' request for reconsideration.

Plaintiff Frederick Banks, a prisoner incarcerated at the Northeast Ohio Correctional Facility in Youngstown, Ohio, has multiple criminal convictions. *See, e.g., United States v. Banks,* 582 Fed. App'x 86 (3rd Cir. 2014); *United States v. Vampire Nation,* 451 F.3d 189 (3rd Cir. 2006). Banks filed an Original Complaint and an Amended Complaint asserting federal civil rights claims for damages and a state-law claim for defamation against the Federal Bureau of Investigation and several of its Special Agents, the Central Intelligence Agency, several United States Attorneys and Assistant United States Attorneys, a private defense attorney, correctional officers at FMC Butner in North Carolina, a United States District Judge and the United States

District Court for the Western District of Pennsylvania. Banks sought damages in amounts ranging from $55 million to $855 million. (Doc. 1 at 1, Doc. 2 at 1). Neither the Original Complaint nor the Amended Complaint allege any conduct by any identified individual occurring in or connected to New Mexico.

The Court dismissed all claims alleged in Bank's Complaint and entered Judgment on January 18, 2018. (Doc. 5, 6). The Court concluded that it lacks jurisdiction over the Defendants and claims, and the Original Complaint and Amended Complaint are frivolous, malicious, fail to state a claim for relief, and seek monetary relief from Defendants that are immune from such relief. (Doc. 5). Plaintiff Banks filed his Motion for Reconsideration of the Court's dismissal on January 26, 2018. (Doc. 7). Because Banks' Motion for Reconsideration was filed within 28 days after entry of Judgment, the Court will treat the Motion for Reconsideration as a timely motion to alter or amend judgment under Fed. R. Civ. P. 59(e).

Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

In his Motion, Banks seeks reconsideration on several grounds. None of Banks' arguments afford him a basis for relief under Fed. R. Civ. P. 59(e). First, Banks claims that the Courts determination that it lacks personal jurisdiction is incorrect. Banks contends that "[t]he

Court has personal jurisdiction over the Defendants because the actions occurred in New Mexico in this District via wireless signal by satellite. Said signal originated in this District." (Doc. 7 at 1). Banks' wireless signal allegations are patently frivolous and do not establish that any defendant purposefully directed activities at residents of the forum, or that the litigation results from alleged injuries that arise out of or relate to those activities. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985).

Second, Banks makes unsupported allegations that "Judge Hornak stepped outside his jurisdiction in committing the violation he has no judicial immunity." (Doc. 7 at 2). However, Banks' vague and factually insufficient allegations do not defeat application of immunity in this case. *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *Christensen v. Ward,* 916 F.2d 1462, 1473-76 (10th Cir. 1990). Banks does not establish any basis for reconsideration of the Court's immunity ruling. *Van Skiver,* 952 F.2d at 1243.

Third, Banks argues that the Court erred in ruling that his mandamus and civil rights claims do not state any plausible claim for relief. (Doc. 7 at 1, ¶ 3, and 2, ¶ 5). Banks' assertions are no more than an attempt to reargue the issues raised in his Complaint and Amended Complaint. As the Court has already determined, the Original and Amended Complaints do not specify any clear right of the plaintiff to mandamus relief, do not identify a plainly defined and preemptory duty on the part of any defendant, and do not address the adequacy or availability of any other remedy. *Wilder v. Prokop, Wilder v. Prokop,* 846 F.2d 613, 620 (10th Cir.1988). Nor does Banks sufficiently plead any plausible claim of violation of Banks' civil rights. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Banks' arguments do not afford any basis for this Court to reconsider its rulings. *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Last, Banks also contends that the Court's Judgment is void and must be set aside under Fed. R. Civ. P. 60(b)(4). Banks alleges that he is "civilly committed" and was found incompetent to represent himself, making the provisions of 28 U.S.C. § 1915 inapplicable to him. (Doc. 7 at 1). Banks' allegations, which are contradicted by the public court records of his multiple convictions, are insufficient to establish that he is civilly committed rather than an incarcerated prisoner. *See United States v. Banks*, 572 F. App'x 162, 163 (3d Cir. 2014); *Banks v. Song*, No. CIV-17-813-C, 2017 WL 3910779, at *2 (W.D. Okla. Aug. 3, 2017), *report and recommendation adopted sub nom. Banks v. Soo Song*, No. CIV-17-813-C, 2017 WL 3908922 (W.D. Okla. Sept. 6, 2017). *Compare Merryfield v. Jordan*, 584 F.3d 923, 924 (10th Cir. 2009). Moreover, Bank's claim that he is a civil committee was available to him, but was not raised until after Judgment was entered, and does not serve as a basis for reconsideration. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948. The Court's Judgment is not void based on Banks' unsupported assertions. *See Powell v. Symons,* 680 F.3d 301 (3rd Cir. 2012) (court may dismiss allegedly incompetent plaintiff's complaint under 28 U.S.C. § 1915); Fed. R. Civ. P. 60(b)(4).

Plaintiff Banks does not establish any basis for the Court to reconsider its rulings under Rule 59(e). The Court properly dismissed Banks' Complaint and Amended Complaint as mandated by 28 U.S.C. § 1915(e) and Banks has not shown any change in the law, previously unavailable evidence, or need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). Nor does Banks establish that the Court's Judgment is void under Fed. R. Civ. P. 60(b)(4). Banks Motion for Reconsideration will be denied.

**IT IS ORDERED** that the Motion for Reconsideration filed by Plaintiff Frederick Banks on January 26, 2018 (Doc. 7) is **DENIED.**

_____
UNITED STATES DISTRICT JUDGE